Steven W. Ritcheson, Esq. (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (818) 744-8714
Facsimile: (818) 337-0383
swritcheson@insightplc.com

*Attorney for Plaintiff Creekview IP, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CREEKVIEW IP, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**HYPERCEL CORP.,**<br><br>Defendant. | Case No. _____<br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Creekview IP LLC ("Creekview" or "Plaintiff") files this original complaint against Hypercel Corp. ("Hypercel" or "Defendant"), for infringement of U.S. Patent No. 9,608,472 ("the '472 Patent") and alleges as follows:

## PARTIES

1. Creekview is a limited liability company with its principal place of business at 7548 Preston Rd, STE 141 PMB 1115, Frisco, TX 75034.

2. On information and belief, Defendant is a corporation organized under the laws of California having a principal place of business at 28385 Constellation Rd, Valencia, CA 91355. On information and belief, Defendant may be served with process c/o Susan Bautista, 28385 Constellation Rd., Valencia, CA 91355.

1

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

## JURISDICTION

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has specific personal jurisdiction over Defendant because Defendant has engaged in substantial business activities within this District and has committed and/or induced specific acts of patent infringement here, thereby giving rise to this action. Specifically, Defendant makes, uses, sells, and/or offers for sale infringing products within this District. Upon information and belief, Defendant uses and sells infringing products at various retail stores located within this District.

## VENUE

5. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and Defendant is incorporated in in this District. In addition, Plaintiff has suffered harm in this District.

## U.S. PATENT NO. 9,608,472

6. U.S. Patent No. 9,608,472, titled "METHOD AND APPARATUS FOR WIRELESSLY TRANSFERRING POWER AND COMMUNICATING WITH ONE OR MORE SLAVE DEVICES," teaches a system for charging devices that includes a master device and a slave device. The slave device includes (1) an antenna to receive a radio frequency (RF) beam and (2) a power generation module connected to the antenna that converts RF energy received by the slave antenna to power. The master device includes (1) a directional antenna to direct RF power to the antenna of the slave device and (2) a module that provides power to the directional antenna of the master device. The '472 Patent is attached hereto as **Exhibit 1** and incorporated herein as if fully rewritten.

7. On March 28, 2017, the '472 Patent was duly issued by the United States Patent and Trademark Office.

8. Creekview is the current assignee of the '472 Patent with all substantive rights in and to the '472 Patent, including the sole and exclusive right to prosecute this action and enforce the '472

Patent against infringers, and to collect damages for all relevant times.

9. Creekview has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '472 Patent.

10. Creekview has complied with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '472 Patent.

## THE ACCUSED PRODUCT

11. Defendant makes, uses, sells, and/or offers for sale the Naztech Ultimate Charging Station Pro (the "Accused Product"), as depicted below:



*See* https://naztech.com/products/ultimate-charging-station-pro.

12. The Accused Product is marketed as the "Ultimate Charging Station Pro Qi Wireless + Multi-USB Ports + Portable Battery." *Id.*

## COUNT 1 – DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,608,472

13. Plaintiff incorporates the above paragraphs herein by reference.

14. Defendant has directly infringed one or more claims of the '472 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Accused Product, identified in the chart incorporated into this Count below, infringes at least the exemplary claim of the '472 Patent also identified in the chart incorporated into this Count below (the "Exemplary '472 Patent Claim"), literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '472 Patent have been made, used, sold,

imported, and offered for sale by Defendant and/or its customers.

15. Defendant and its end-user customers, in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '472 Patent by using the Accused Product in its customary intended manner with compatible Qi devices.

16. Specifically, Defendant and its end-user customers have directly infringed method claim 19 of the '472 Patent by using the Accused Product, at least in the manner of testing with compatible Qi devices within the United States. For example, Defendant practiced every element of method claim 19 at least when the Accused Product was tested by Defendant and further when placed into its intended operation to charge Qi compatible devices by Defendant's customers. *See* Exemplary Infringement Chart, attached as **Exhibit 2**.

17. Defendant also has directly infringed, literally or under the doctrine of equivalents, the Exemplary '472 Patent Claim, by having its employees internally test and use the Accused Product.

18. As shown in the Exemplary Infringement Chart of Exhibit 2, at least when tested by Defendant and when used by Defendant's customers, the Accused Product operates in conjunction with Qi compatible devices which practice a method for use by a slave device (*e.g.*, the device to be charged) for generating power from energy wirelessly received from a master device (*e.g.*, the Accused Product), the method comprising: transmitting a slave device identification (*e.g.*, identification of the device to be charged) to the master device (*e.g.*, the Accused Product) for determining authorization to wirelessly receive energy (*e.g.*, wireless power transfer) from the master device (*e.g.*, the Accused Product); wirelessly receiving, in response to transmitting the slave device identification (*e.g.*, identification of the device to be charged) to the master device (*e.g.*, the Accused Product), energy from the master device (*e.g.*, the Accused Product); and generating power from the wireless energy (*e.g.*, wireless power transfer) received from the master device (*e.g.*, the Accused Product) for use by a set of electronic circuitry of the slave device (*e.g.*, the device to be charged). As illustrated, the Accused Product follows the Qi- Standard. The device to be charged acts as a power receiver and the Accused Product acts as a power transmitter. The power receiver sends an identification to power transmitter for identification and verification. The power receiver receives an ACK response for

successful verification and NAK response for unsuccessful verification. The power transmitter transfers power after successful verification. *See* Ex. 2.

19. Creekview has been damaged by the infringing conduct by Defendant in an amount to be determined at trial. Thus, Defendant is liable to Creekview in an amount that adequately compensates Creekview for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### Count II - Induced Infringement of U.S. Patent No. 9,608,472

20. Plaintiff incorporates the above paragraphs herein by reference.

21. Defendant, in violation of 35 U.S.C. § 271(b), has indirectly infringed, literally or under the doctrine of equivalents, method claim 19 of the '472 Patent as outlined by actively inducing their customers to practice the method of claim 19 via use of the Accused Product in an infringing manner to charge Qi compatible devices.

22. Defendant has had knowledge and notice of the '472 Patent and the infringement by the Accused Product since at least the filing of this complaint.

23. Defendant has continued to provide the Accused Product to its customers and, on information and belief, distributed instruction manuals on how to use the Accused Product in an infringing manner. Therefore, Defendant has knowingly and intentionally encouraged and aided at least its end-user customers to directly infringe the '472 Patent.

24. Defendant's end-user customers directly infringe claim 19 of the '472 Patent by using the Accused Product in conjunction with Qi compatible devices in their intended manner to infringe. Defendant induces such infringement by providing the Accused Product and downloadable instructional guides to enable and facilitate infringement, while knowing of, or being willfully blind to the existence of the '472 Patent.

25. On information and belief, Defendant specifically intends that its actions will result in infringement of the '472 Patent, or subjectively believe that their actions will result in infringement of the '472 Patent. Therefore, Defendant's induced infringement of the '472 Patent is exceptional and entitles Creekview to recover attorneys' fees and costs incurred in prosecuting this action under 35

U.S.C. § 285.

26. Creekview is entitled to recover from Defendant all damages that Creekview has sustained as a result of Defendant's infringement of the Asserted Patent, including, without limitation, a reasonable royalty to be determined at trial.

### Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Creekview respectfully demands a trial by jury on all issues triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, Creekview respectfully requests the following relief:

A. That judgment be entered that Defendant has infringed at least claim 19 of the '472 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B. An award of damages sufficient to compensate Creekview for Defendant's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendant's willful infringement;

C. That the case be found exceptional under 35 U.S.C. § 285 and that Creekview be awarded its reasonable attorneys' fees;

D. Costs and expenses in this action;

E. An award of prejudgment and post-judgment interest; and

F. Such other and further relief as the Court may deem just and proper.

Dated: October 31, 2022

**INSIGHT, PLC**

By: /s/ Steven W. Ritcheson
Steven W. Ritcheson

*Attorney for Plaintiff Creekview IP LLC*

6

**COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____